

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00030-CR

TRISTON RAY MCDONALD                                                        APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1244269D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Triston Ray McDonald appeals the trial court's judgment adjudicating him guilty of the offense of deadly conduct and sentencing him to ten years' confinement. We affirm.

Appellant pled guilty to deadly conduct pursuant to a plea bargain. The trial court followed the plea bargain and placed appellant on deferred

---

[1]See Tex. R. App. P. 47.4.

adjudication community supervision for four years. The State subsequently filed a motion to adjudicate alleging that appellant had committed three new offenses, including aggravated assault by threatening his girlfriend with a firearm. The State also alleged that appellant violated the terms of his community supervision by possessing a firearm. After hearing evidence, the trial court found that appellant had committed the new offense of aggravated assault and that appellant had possessed a firearm. The trial court revoked appellant's deferred adjudication community supervision and rendered a judgment adjudicating him guilty of deadly conduct.

Appellant's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel states that in his opinion the appeal is frivolous and that there are no grounds that could be argued successfully on appeal. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Although we gave appellant an opportunity to file a pro se response to the *Anders* brief, he did not do so. The State declined to file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503,

2

511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief, and we agree with counsel that this appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 29, 2015